JOSEPH J. VASSAR v. J. B. VASSAR ET AL.

(Filed 3 March, 1926.)

**Estates—Contingent Limitations—Defeasible Fee—Deeds and Conveyances.**

A devise to testator's wife for life, remainder to his son, and should the son die without bodily heirs, then to the other of testator's children: *Held,* after the death of the life tenant, the son took a defeasible fee-simple title contingent upon his dying leaving children, the rule in *Shelley's case* not applying, and a deed from the son and the testator's children could not convey a fee simple absolute, such being further dependent upon the unascertained contingency of who would take the estate in the event of the death of the son.

APPEAL by plaintiff from *Sinclair, J.,* at November Term, 1925, of NORTHAMPTON.

Civil action to recover the balance alleged to be due on the purchase price of a tract of land sold by the plaintiff to the defendant, W. L. Harris. The other defendants have been made parties because of their alleged interest in the land and to bar their claims by judgment should it be decided that the title conveyed to the defendant is absolute and indefeasible.

The plaintiff, Joseph J. Vassar, by deed dated 13 January, 1922, conveyed and intended to convey to the defendant, W. L. Harris, all his right, title, interest and estate in and to a certain tract of land, with the understanding that if the title conveyed was a defeasible fee—the plaintiff having acquired the land by devise under item 6 of his father's will—the purchase price should be $20 per acre, but if plaintiff estab-

lished, by proper proceeding, within five years thereafter that the title conveyed was an indefeasible fee simple, the defendant agreed to pay an additional $20 per acre.

This suit is to recover the additional $20 per acre. It was adjudged by the Superior Court that the plaintiff's deed did not convey an indefeasible fee-simple title to the land in question and hence denied any recovery to the plaintiff. From this judgment, the plaintiff appeals.

*D. M. Clark and Dink James for plaintiff.*
*Geo. C. Green for defendant, W. L. Harris.*

STACY, C. J., after stating the case: The plaintiff derives title to the land in question by devise from his father, and, on the hearing, the title offered was properly made to depend upon the construction of item 6 of the will of James Vassar, which is as follows:

"I loan unto my son, Joseph J. Vassar, at my wife's death (Mary L. Vassar) all the land loaned my wife, Mary L. Vassar, except 47 acres which is to go to John B. Vassar, and Hattie M. Vassar, to be taken off the west side next to the Egg Branch road, and if my son Joseph J. Vassar should die without bodily heirs, then in that event, it is my desire that the land loaned to him shall go to the rest of my children then living or their heirs."

It appears from the record that Mary L. Vassar, widow of the testator, and who survived him, is now dead; and further that the plaintiff, Joseph J. Vassar, has two children, both of whom were living at the time the testator made his will and who are still living.

It is conceded that unless the plaintiff, aided by the rule in *Shelley's case,* took a fee simple absolute to the land devised to him in item 6 of his father's will, subject only to the life estate of Mary L. Vassar, the title offered and conveyed by him to the defendant is only a defeasible fee. It is apparent from the language used in item 6 of the will, as above set out, that the rule in *Shelley's case* has no application to the devise made to the plaintiff therein. *Hampton v. Griggs,* 184 N. C., 13.

Nor would a deed executed by the plaintiff and his brothers and sisters convey a fee-simple absolute title to the land in question, because it cannot be known until the plaintiff's death, "without bodily heirs," as to who would take the ulterior devise under the designation, "the rest of my children then living or their heirs." *Mercer v. Downs, ante,* 203.

The record presents no reversible error, hence the verdict and judgment must be upheld.

No error.